FILED: 09/28/2015

9/28/ hearing off calendar

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONN CARPER, an individual, | CASE NO. CV 15-04259 MMM (SSx) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO REMAND |
| vs. | |
| TRIBUNE MEDIA, a business form unknown; KTLA, LLC, a business form unknown; and DOES 1 through 100, inclusive, | |
| Defendants. | |

On April 23, 2015, Donn Carper filed this action in Los Angeles Superior Court against Tribune Media Company, erroneously sued as Tribune Media ("Tribune Co."); KTLA, LLC ("KTLA"); and certain fictitious defendants.[1]  The complaint alleged two claims arising from

---

[1] Notice of Removal ("Removal"), Docket No. 1 (June 5, 2015), ¶ 1.  A fourth party, Tribune Broadcasting Company, LLC ("Tribune LLC"), is named as the parent company of KTLA, and a subsidiary of Tribune Co.

Carper's purportedly wrongful termination by defendants.[2] On June 5, 2015, defendants removed the action to this court, invoking the court's diversity jurisdiction under 28 U.S.C. § 1332.[3]

On July 6, 2015, Carper filed a corrected motion to remand, which argued that defendants had failed properly to allege that there is complete diversity of citizenship between the parties in the notice of removal.[4] Defendants oppose the motion.[5] Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the court finds the motion appropriate for decision without oral argument. The hearing calendared for September 28, 2015 is therefore vacated, and the matter taken off calendar.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendants Tribune Co. and KTLA allegedly hired Carper as a local account executive in their Los Angeles, California office in July 2009.[6] Carper worked in that position for five and a half years until his termination on December 31, 2014.[7] Over the course of his employment, Carper allegedly "maintained an excellent employment record,"[8] and "received praise for his

---

[2] *Id.*, ¶ 2.

[3] *Id.* at 1.

[4] Corrected Notice of Motion and Motion to Remand ("Remand"), Docket No. 16 (July 6, 2015) at 3. See also Reply in Support of Corrected Motion to Remand, Docket No. 25 (Sept. 3, 2015). Plaintiff filed an initial motion to remand on July 1, 2015, which was stricken due to incorrect hearing information. (Notice to Filer of Deficiencies in Electronically Filed Documents re: Notice of Motion and Motion to Remand, Docket No. 14 (July 2, 2015).)

[5] Memorandum in Opposition to Corrected Notice of Motion and Motion to Remand ("Opp."), Docket No. 23 (Aug. 31, 2015).

[6] Removal, Exh. A, ¶ 1-2, 6, 8.

[7] *Id.*, ¶ 9.

[8] *Id.*, ¶ 10.

skills."[9]  He cites his earnings as evidence of his success.[10]  Carper purportedly earned, on average, $225,000 per year in base salary and commission; his total compensation in his last full year with the companies was $253,000.[11]

In the spring of 2014, Carper's supervisor allegedly hired two new account executives who were nearly thirty years younger than Carper, bringing the total number of account executives in the office to twelve.[12]  On December 31, 2014, when Carper was sixty-nine years old, he was laid off; eleven account executives remained.[13]  Carper filed a complaint with the State of California's Department of Fair Employment and Housing, and received a "Notice of Case Closure" and a "Right to Sue Letter."[14]

## II. DISCUSSION[15]

### A.  Legal Standard Governing Removal Jurisdiction

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be

---

[9]*Id.*, ¶ 12.

[10]*Id.*, ¶ 13.

[11]*Id.*

[12]*Id.*, ¶ 11.  Carper does not allege the ages of any of the account executives other than the new hires.

[13]*Id.*, ¶ 8.

[14]*Id.*, ¶ 16.

[15]Local Rule 7-3 provides, in relevant part, that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, *preferably in person*, the substance of the contemplated motion and any potential resolution." CA CD L.R. 7-3 (emphasis original). Although plaintiff concedes that he failed to meet and confer prior to filing the motion to remand, the parties clearly dispute whether remand is appropriate and have adduced factual evidence supporting of their respective positions.  Defendants fail to identify cognizable prejudice they suffered as a result of Carper's failure to comply with Local Rule 7-3. Consequently, the court declines to deny the motion for remand solely on the basis that plaintiff failed to comply with Local Rule 7-3.  Carper is cautioned, however, that if he again fails to comply with the Local Rules, the court will strike or deny his motion due to such failure.

removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment[, however,] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The right to remove a case to federal court is entirely a creature of statute. See *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000. See 28 U.S.C. §§ 1441(a), (b); see also 28 U.S.C. §§ 1331, 1332(a). Only state court actions that could originally have been filed in federal court can be removed. 28 U.S.C. § 1441(a); see *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985); *Libhart*, 592 F.2d at 1064). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)). Doubts as to removability must be resolved in favor of remanding the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

**B.     Whether the Court Should Remand This Action to Los Angeles Superior Court**

Under § 1332(a), "[t]he district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and [the action] is between . . . citizens of different states." 28 U.S.C. § 1332(a); see also *Matheson*, 319 F.3d at 1090 ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000"). In any case where subject

matter jurisdiction is based on diversity, there must be complete diversity, i.e., all plaintiffs must have citizenship different than all defendants. See *Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267 (1806); see also *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 n. 3 (1996). Carper does not dispute that the amount in controversy exceeds $75,000; he contends, however, that defendants have not met their burden of showing that there is complete diversity of citizenship.[16]

A person is a citizen of the state in which he is domiciled, i.e., has a permanent home where he intends to remain or to which he intends to return. See *Gilbert v. David*, 235 U.S. 561, 569 (1915); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return"). Defendants allege in their notice of removal, and Carper confirms in his motion to remand, that Carper is a California citizen.[17] Thus, defendants have adequately established that Carper is a citizen of California for purposes of diversity jurisdiction.

Carper asserts, however, that defendants "fail[ed] to provide any additional information relating to where Tribune LLC was created, where it is presently, or if it is in existence at all."[18] Defendants counter that such facts are irrelevant for the purposes of determining an LLC's citizenship because the only relevant inquiry is the citizenship of members of the LLC.[19]

The Ninth Circuit treats limited liability companies like partnerships for purposes of diversity jurisdiction. See *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (applying the standard used by sister circuits and treating LLCs like partnerships).

---

[16] Remand at 3-4.

[17] *Id.*, ¶ 13-14; Remand at 3 ("Defendants . . . assert[ ] that Plaintiff is a citizen of California, which Plaintiff does not dispute").

[18] Remand at 3-4. Defendants could not have removed on the basis of federal question jurisdiction under 28 U.S.C. § 1331, as the two claims Carper pleads are state law claims.

[19] Opp. at 1.

Thus, "an LLC is a citizen of every state of which its owners/members are citizens."[20] *Id.*; see also *Handelsman v. Bedford Village Assocs., Ltd Partnership*, 213 F.3d 48, 51-52 (2d Cir. 2000) (recognizing that "a limited liability company has the citizenship of its membership"). A corporation, in turn, is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Thus, when a corporation is a member of an LLC, the citizenship of the LLC will include the state(s) of which the corporation is a citizen. See *Johnson*, 437 F.3d at 899; see also *Buschman v. Anesthesia Bus. Consultants LLC*, 42 F.Supp.3d 1244, 1248 (N.D. Cal. 2014) ("For purposes of determining diversity jurisdiction, a limited liability company is deemed to have the citizenship of each of its members. . . . An LLC's principal place of business o[r] state of organization is irrelevant to this analysis").

While Carper sued defendants as "business forms unknown," defendants clarified their organizational structure in the notice of removal.[21] KTLA is a limited liability company whose sole member is Tribune LLC.[22] Tribune LLC is a limited liability company whose sole member is Tribune Co.[23] Tribune Co. is an entity that was incorporated in Delaware and that has its

---

[20] In his reply, Carper attempts to draw a distinction between "member" and "owner/member" as used in *Johnson* to describe the citizenship of an LLC. (Reply at 2.) *Johnson* uses the terms "member" and "owner/member" interchangeably, however. See *Johnson*, 437 F.3d at 899 ("We . . . join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its *owners/members* are citizens. [The defendant] submitted an affidavit . . . describing the three *members* of the LLC. . . . [N]one of the three *members* of the LLC is a citizen of Alaska. [Plaintiff, a citizen of Alaska,] has not provided enough evidence contradicting the evidence of diverse citizenship" (emphasis added)). The distinction in terms is not material.

[21] Removal, ¶ 17.

[22] *Id*. Defendants initially identified the companies as "limited liability corporations," but corrected the error. (Notice of Errata, Docket No. 22 (Aug. 28, 2015).)

[23] Removal, ¶ 17.

6

principal place of business in Chicago, Illinois.[24] Thus, it is a citizen of those two states. Defendants proffered the declaration of Tribune Co.'s Executive Vice President of Human Resources as support for these allegations.[25] Because KTLA is a limited liability company whose members are Tribune LLC and Tribune Co., all defendants are citizens of Delaware and Illinois. Thus, there is complete diversity of citizenship between the parties, and Carper's motion to remand must be denied.

### III. CONCLUSION

For the reasons stated, the court denies Carper's motion to remand.

DATED: September 25, 2015

MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

---

[24]*Id.*, ¶ 16.

[25]Declaration of Melania Hughes re Notice of Removal, Docket No. 6 (June 5, 2015).