1   SEYFARTH SHAW LLP
    Lorraine H. O'Hara (SBN 170153)
2   lohara@seyfarth.com
    Myra Villamor (SBN 232912)
3   mvillamor@seyfarth.com
    2029 Century Park East, Suite 3500
4   Los Angeles, California 90067-3021
    Telephone:   (310) 277-7200
5   Facsimile:    (310) 201-5219

6   Attorneys for Defendants
    TRIBUNE MEDIA COMPANY and KTLA, LLC
7
    LAW OFFICES OF VICTOR L. GEORGE
8   Victor L. George (SBN 110504)
    vgeorge@vgeorgelaw.com
9   Wayne C. Smith (SBN 122535)
    wcsmith@vgeorgelaw.com
10  Elvis Tran (SBN 281620)
    etran@vgeorgelaw.com
11  20355 Hawthorne Boulevard, First Floor
    Torrance, California 90503
12  Telephone:  (310) 698-0990
    Facsimile:  (310) 698-0995
13
    Attorneys for Plaintiff
14  DONN CARPER

15               UNITED STATES DISTRICT COURT

16              CENTRAL DISTRICT OF CALIFORNIA

17

18  DONN CARPER,                    Case No.  2:15-CV-04259-VAP (SSx)

19          Plaintiff,              *[Hon. Virginia A. Phillips]*

20      v.                          [~~PROPOSED~~] STIPULATED
                                    PROTECTIVE ORDER
21  TRIBUNE MEDIA, a business form
    unknown; KTLA, LLC, a business form
22  unknown; and DOES 1 through 100,
    inclusive,                      NOTE CHANGES MADE BY THE
                                    COURT
23          Defendants.

24

25

26

27

28

25244550v.1

1.    A.    <u>PURPOSES AND LIMITATIONS</u>

Plaintiff has requested certain financial and budgetary documents from KTLA, LLC, and is requesting that these documents be produced before a deposition scheduled for March 16, 2016.  Due to the confidential, proprietary and private nature of these documents, the parties have agreed that special protection from public disclosure should be provided and that these documents shall not be used by Plaintiff for any purpose other than prosecuting this litigation.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 11.3, below, that this Stipulated Protective Order does not automatically entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that a Party must follow and the standards that will be applied when a party seeks permission from the court to file material under seal.  Plaintiff hereby agrees that should he wish to file these financial and budgetary documents with the Court, that he shall first seek permission to file them under seal and that he will comply with the procedures set forth in Civil Local Rule 79-5.

B.    <u>GOOD CAUSE STATEMENT</u>

Discovery in this action will include Defendant's financial and proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, including operating budgets, financial planning documents, forecasts and related documents.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep

2

confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.   <u>DEFINITIONS</u>

2.1.   <u>Action</u>: This pending federal law suit.

2.2.   <u>Challenging Party</u>: a Party that challenges the designation of information or items under this Order.

2.3.   <u>"CONFIDENTIAL -- Subject to Protective Order" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4.   <u>Counsel</u>: Outside Counsel of Record for the parties and House Counsel (as well as their support staff).

2.5.   <u>Designating Party</u>: a Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL -- Subject to Protective Order."

2.6.   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7.   <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

25244550v.1

2.8.   <u>House Counsel</u>:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9.   <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.10.  <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11.  <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.12.  <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13.  <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL -- Subject to Protective Order."

2.14.  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.     <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4

25244550v.1

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs, and subject to Local Rule 79-7.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1.    Exercise of Restraint and Care in Designating Material for Protection. Each Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2.    Manner and Timing of Designations. Except as otherwise provided in this Order (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated

1   or ordered, Disclosure or Discovery Material that qualifies for protection under this

2   Order must be clearly so designated before the material is disclosed or produced.

3         Designation in conformity with this Order requires:

4             (a)    for information in documentary form (e.g., paper or electronic

5   documents, but excluding transcripts of depositions or other pretrial or trial

6   proceedings), that the Producing Party affix at a minimum, the legend

7   "CONFIDENTIAL -- Subject to Protective Order" (hereinafter "CONFIDENTIAL

8   legend"), to each page that contains protected material.  If only a portion or portions of

9   the material on a page qualifies for protection, the Producing Party also must clearly

10  identify the protected portion(s) (*e.g*., by making appropriate markings in the margins).

11            (b)    for testimony given in depositions that the Designating Party

12  identify the Disclosure or Discovery Material on the record, before the close of the

13  deposition all protected testimony.

14            (c)    for information produced in some form other than documentary and

15  for any other tangible items, that the Producing Party affix in a prominent place on the

16  exterior of the container or containers in which the information is stored the legend

17  "CONFIDENTIAL -- Subject to Protective Order."  If only a portion or portions of the

18  information warrants protection, the Producing Party, to the extent practicable, shall

19  identify the protected portion(s).

20        5.3.   Inadvertent Failures to Designate.  An inadvertent failure to designate

21  qualified information or items does not, standing alone, waive the Designating Party's

22  right to secure protection under this Order for such material.  Upon correction of a

23  designation, the Receiving Party must make reasonable efforts to assure that the

24  material is treated in accordance with the provisions of this Order.

25  6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

26        6.1.   Timing of Challenges.  Any Party may challenge a designation of

27  confidentiality at any time that is consistent with the Court's Scheduling Order.

28

25244550v.1

6.2.   <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq.*

6.3.   The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1.   <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of paragraph 12 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.   Disclosure of "CONFIDENTIAL -- Subject to Protective Order" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL -- Subject to Protective Order" only to:

(a)   the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     the court and its personnel;

(d)     court reporters and their staff;

(e)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g)     during their depositions, witnesses and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL -- Subject to Protective Order," that Party must:

(a)     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL -- Subject to Protective Order" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
          PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

9

1    Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure

2    may be established in an e-discovery order that provides for production without prior

3    privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

4    parties reach an agreement on the effect of disclosure of a communication or

5    information covered by the attorney-client privilege or work product protection, the

6    parties may incorporate their agreement in the stipulated protective order submitted to

7    the court.

8    11.    MISCELLANEOUS

9        11.1.  **Right to Further Relief**.  Nothing in this Order abridges the right of any

10   person to seek its modification by the Court in the future.

11       11.2.  **Right to Assert Other Objections**. By stipulating to the entry of this

12   Protective Order no Party waives any right it otherwise would have to object to

13   disclosing or producing any information or item on any ground not addressed in this

14   Stipulated Protective Order.  Similarly, no Party waives any right to object on any

15   ground to use in evidence of any of the material covered by this Protective Order.

16       11.3.  **Filing Protected Material**.  A Receiving Party that seeks to file any

17   Protected Material with the court must first make a motion to file the Protected

18   Material under seal and comply with the requirements of Civil Local Rule 79-5, unless

19   the Designating Party consents in writing that the Receiving Party may file the

20   Protected Material in the public record.  A Designating Party may also seek to file

21   Protected Material under seal by bringing a motion to file Protected Material under

22   seal and complying with the requirements of Civil Local Rule 79-5.  The parties

23   understand that Protected Material may only be filed under seal pursuant to a court

24   order authorizing the sealing of the specific Protected Material at issue.  If a Party's

25   request to file Protected Material under seal is denied by the court, then the Party may

26   file the information in the public record unless otherwise instructed by the court.

27

28

25244550v.1

1

12.     <u>FINAL DISPOSITION</u>

2

        After the final disposition of this Action, as defined in paragraph 4, within 60

3

days of a written request by the Designating Party, each Receiving Party must return

4

all Protected Material to the Producing Party or destroy such material. As used in this

5

subdivision, "all Protected Material" includes all copies, abstracts, compilations,

6

summaries, and any other format reproducing or capturing any of the Protected

7

Material. Whether the Protected Material is returned or destroyed, the Receiving Party

8

must submit a written certification to the Producing Party (and, if not the same person

9

or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by

10

category, where appropriate) all the Protected Material that was returned or destroyed

11

and (2) affirms that the Receiving Party has not retained any copies, abstracts,

12

compilations, summaries or any other format reproducing or capturing any of the

13

Protected Material. Notwithstanding this provision, Counsel are entitled to retain an

14

archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

15

legal memoranda, correspondence, deposition and trial exhibits, expert reports,

16

attorney work product, and consultant and expert work product, even if such materials

17

contain Protected Material. Any such archival copies that contain or constitute

18

Protected Material remain subject to this Protective Order as set forth in paragraph 4

19

(DURATION).

20

13.     Any violation of this Order may be punished by any and all appropriate

21

measures including, without limitation, contempt proceedings and/or monetary

22

sanctions.

23

24

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

25

26

27

28

STIPULATED PROTECTIVE ORDER

25244550v.1

1

2     DATED: March 11, 2016                    LAW OFFICES OF VICTOR GEORGE

3

4                                              BY:   /s/ Elvis Tran
5                                                    Victor L. George
6                                                    Wayne C. Smith
                                                     Elvis Tran
7                                              Attorneys for Plaintiff,
8     DATED: March 11, 2016                    DONN CARPER
                                               SEYFARTH SHAW
9

10                                             BY:   /s/ Lorraine H. O'Hara
11                                                   Lorraine H. O'Hara
                                                     Myra Villamor
12                                             Attorneys for Defendants,
13                                             TRIBUNE MEDIA COMPANY and
                                               KTLA, LLC
14

15

16

17    FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

18    DATED:  March 17, 2016

19

20                                                   /S/
                                               Suzanne Segal
21                                             United States Magistrate Judge

22

23

24

25

26

27

28

                                     12
25244550v.1

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty

of perjury that I have read in its entirety and understand the Stipulated Protective Order

that was issued by the United States District Court for the Central District of California

on [date] in the case of *DONN CARPER, Plaintiff, v. TRIBUNE MEDIA, a business

form unknown; KTLA, LLC, a business form unknown; and DOES 1 through 100,

inclusive, Defendants.* U.S. District Court, Central District of California, Case No.

2:15-CV-04259-VAP (SSx).  I agree to comply with and to be bound by all the terms

of this Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that is

subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

     I further agree to submit to the jurisdiction of the United States District Court for

the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.  I hereby appoint _____ [print

or type full name] of _____ [print or type full

address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this

Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature:_____

13

25244550v.1